GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2009 AUG 11 PM 2 47

BY _____
DEPUTY

1  Ryan K. Jackson
2  JACKSON LAW, P.C.
   225 East Mendenhall, Suite G
3  Bozeman, MT 59715
   Telephone: (406) 585-3300
4  Facsimile: (406) 587-9752
   info@jacksonlawpc.com
5
6  Thomas D. Shea, Jr.
   SHEA LAW FIRM, P.L.L.C.
7  225 East Mendenhall, Suite I
   Bozeman, MT 59715
8  Telephone:  (406) 587-3950
   Facsimile:  (406) 587-9752
9  toddshea@shealawoffice.net

10  Attorneys for Plaintiff

11        **MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT**
12                    **GALLATIN COUNTY**

13  | | |
    |---|---|
14  SOHEIL VERDI,                          )
                                            )   CAUSE NO. *DV-09-754A*
15              Plaintiff,                  )
                                            )
16       vs.                                )
                                            )
17  CITY OF BOZEMAN, CITY OF               )
    BOZEMAN POLICE DEPARTMENT,              )   **COMPLAINT AND DEMAND FOR**
18  CITY OF BOZEMAN POLICE                 )              **JURY TRIAL**
    DEPARTMENT SERGEANT GREG                )
19  MEGARGEL, in his individual and        )
    official capacity, CITY OF BOZEMAN      )   *no summons issued*
20  POLICE DEPARTMENT OFFICER              )
    MARK ZIEGLER, in his individual and     )   *4 Summons Issued*
21  official capacity, and JOHN DOES 1-     )           *09/11/09*
    10,                                     )
22                                          )
23              Defendants.                 )

24
25

*Soheil Verdi v. City of Bozeman, et al.*
Complaint
Page 1 of 14

COMES NOW Soheil "Jesse" Verdi, by and through his attorneys, Ryan K. Jackson and Thomas D. Shea, Jr., and complains as follows:

## PARTIES

1.     Plaintiff Soheil "Jesse" Verdi ("hereinafter Mr.Verdi") was a resident of Bozeman, Gallatin County, Montana at all times relevant to this complaint and is now a resident of Tooele, Utah.

2.     Defendant, the City of Bozeman, is a municipal corporation existing under §7-1-4101 et seq., M.C.A., which operates and employs law enforcement personnel through the City of Bozeman Police Department.

3.     The City of Bozeman Police Department is the law enforcement agency of the City of Bozeman which operates under §7-32-4101 et seq., M.C.A.

4.     Mark Ziegler  (hereinafter "Ziegler"), upon information and belief, is a resident of Bozeman, Gallatin County, Montana and at all times relevant herein was employed as a Police Officer for the City of Bozeman Police Department and City of Bozeman.

5.     Greg Megargel (hereinafter "Megargel"), upon information and belief, is a resident of Bozeman, Gallatin County, Montana and at all times relevant herein was employed as a Police Officer for the City of Bozeman Police Department and City of Bozeman.

6.     The John Does 1-10 are other officers, agents and employees of the City of Bozeman and of the City of Bozeman Police Department, who Mr. Verdi does

1 not presently know, but upon confirmation as to identity, Mr. Verdi will identify by an

2 appropriate amendment to this Complaint and Demand for Jury Trial.

3 **ALLEGATIONS CONCERNING JURIDICTION AND VENUE**

4       7.    This Court has subject matter jurisdiction over this action pursuant to §

5

6 3-5-302(b) and (c), M.C.A.

7       8.    This Court has jurisdiction pursuant to 28 U.S.C.A. §1343 as plaintiff

8 sets forth claims seeking redress for deprivation under color of state law of rights

9 existing under the Fourth and Fourteenth Amendments to the United States

10 Constitution and 42 U.S.C.A. §1983 and §1988, seeking damages and attorneys'

11 fees.

12

13       9.  This Court has personal jurisdiction over the parties in this matter for the

14 reason that:  (a) the commission of the acts of the defendants resulted in the accrual

15 of a tort action within Montana.  Rule 4(B)(1)(b), M.R.Civ.P.

16       10.    Venue is proper in the Montana Eighteenth Judicial District Court,

17 Gallatin County, because this is a civil action involving the commission of a tort

18 within Montana and the defendants reside in Gallatin County.

19 **BACKGROUND**

20       11.    On August 12, 2007, the police were called for a welfare check on Mr.

21 Verdi after a telephone call to 911 from Mr. Verdi's acquaintance. Mr. Verdi's

22 acquaintance indicated that she was concerned because Mr. Verdi was not

23

24 answering his telephone.

25

12.     Ziegler and Megargel were dispatched to Mr. Verdi's residence to check on Mr. Verdi's welfare.  When they arrived at his residence, Mr. Verdi was sleeping and was non-responsive to the repeated knocking (which lasted for approximately 40 minutes) on his front door by the officers.

13.     After failed attempts at locating Mr. Verdi, the officers went around his apartment complex inquiring as to his location.  Through this investigation the officers discovered Mr. Verdi was in his apartment.  Upon awaking and hearing that someone was at his door, Mr. Verdi, naked and intoxicated, approached his door to find Ziegler and Megargel in his doorway.

14.     Approximately 11 seconds after they initiated contact with Mr. Verdi, Ziegler tased Mr. Verdi in the back without any justification, causing him to fall face down onto the outside deck, and crush his skull.

15.     After Mr. Verdi fell to the ground he was unresponsive to the officers' questions, but nonetheless the officers rolled Mr. Verdi over and placed handcuffs on him.  Despite being handcuffed and entirely unresponsive, the officers repeatedly tightened the handcuffs over a period of 5 minutes until medical personnel arrived. Mr. Verdi was bleeding at the time.

16.     After the ambulance arrived, one of the medical personnel suggested to Ziegler that Ziegler should take off Mr. Verdi's handcuffs.  Ziegler then asked the medical personnel if he should "uncuff him" and the medical personnel said yes. Following this, Ziegler took off Mr. Verdi's handcuffs.

17.    Immediately after the medical personnel left the scene, Megargel, according to the microphone worn on his uniform on the night of the incident, stated to Ziegler, "Now we're fucked!"   Ziegler, according to his body microphone, responded, "Yeah…what am I gonna clear this as? Fuck, public assistance…with a tasing?" in an incredulous manner. Megargel immediately replied, "Fuckin 'A' baby."

18.    According to the body microphones, Ziegler and Megargel agreed that Mr. Verdi had not committed a crime. (Mr. Verdi was in fact not charged with a crime.) Ziegler and Megargel then discussed how to process the incident and elected to write up the incident as a protective custody matter.

19.    Immediately after the incident, Mr. Verdi was rushed to the hospital for his injuries. After his release from the hospital, Mr. Verdi had three brain surgeries in order to remove excessive blood on his brain and relieve pressure to attempt to remedy his excruciating headaches which resulted from the excessive force placed upon him.

20.    As a result of these surgeries, Mr. Verdi currently has a large metal plate and metal screws in his skull.   The metal plate and screws constantly move and are a source of daily pain, extreme worry, humiliation, and concern on the part of Mr. Verdi.   In addition, Mr. Verdi has a permanent visible indentation on his skull resulting from his surgeries.

21.    In addition to the extremely invasive and frightening brain surgeries, Mr. Verdi also sought treatment through numerous pharmaceutical medications, treated with headache clinics, and continues to suffer from his injuries sustained on

1   August 12, 2007.  To date, Mr. Verdi's medical expenses arising out of this incident

2   are approximately $150,000.00.

3      22.     As a result of the excessive force placed upon him, Mr. Verdi suffers

4   from severe and permanent mental and physical injuries.  Among other things, Mr.

5   Verdi suffers from debilitating headaches, memory loss, periodic slurred speech and

6   vision problems, and multiple physical limitations brought about by the injuries to his

7   skull.

8

9                              **COUNT 1**

10           **VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983: USE OF**

11               **EXCESSIVE FORCE AND DUE PROCESS VIOLATION**

12      23.     Plaintiff realleges the above paragraphs 1 – 22 as though fully set forth

13   herein.

14      24.     As a result of the unjustified and excessive use of force by Megargel

15   and Ziegler, Mr. Verdi has suffered great pain of body and mind, as well as extreme

16   emotional distress.

17

18      25.     The force used by Ziegler and Megargel on the evening of August 12,

19   2007 was excessive.   This excessive force violated the Fourth Amendment's

20   objectively unreasonable standard, and violated Mr. Verdi's Due Process rights.

21

22      26.     The defendants exhibited a callous or reckless indifference to Mr.

23   Verdi's welfare and constitutional rights.

24      27.     As a direct and proximate cause of the above, Mr. Verdi suffered

25   damages, including but not limited to, compensatory damages, economic damages,

1 | punitive damages, emotional distress, pain and suffering, and attorneys' fees under
2 | 42 U.S.C. §1988.

### COUNT 2

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983: AGAINST THE**

**CITY OF BOZEMAN AND THE CITY OF BOZEMAN POLICE DEPARTMENT**

28.     Plaintiff realleges the above paragraphs 1-27 as though fully set forth herein.

29.     Mr. Verdi's representatives have asked for the Policies and Procedures Manual relating to tasing incidents.  To date, the Bozeman Police Department has not provided the manual.

30.     Upon information and belief, the excessive force and constitutional violations were undertaken pursuant to a policy and practice of the City of Bozeman Police Department.

31.     Upon information and belief, the City of Bozeman Police Department's policy was violative of the Fourth Amendment and the Due Process clause.

32.     Upon information and belief, the City of Bozeman and the City of Bozeman Police Department failed to properly train defendants Ziegler and Megargel.

33.     As a direct and proximate cause of the above, Mr. Verdi suffered damages, including, but not limited to, compensatory damages, economic damages, punitive damages, emotional distress, pain and suffering, and attorneys' fees under 42 U.S.C. §1988.

1

## COUNT 3

2

### MONTANA STATE LAW CLAIM: RESPONDEAT SUPERIOR

3

34.     Plaintiff realleges paragraphs 1-33 as though fully set for the herein.

4

35.     In committing the acts alleged in the preceding paragraphs, Megargel

5

and Ziegler, as well as others, were the agents of the City of Bozeman Police

6

Department and the City of Bozeman and were acting within the scope and course

7

of their employment.

8

9     36.     Defendants City of Bozeman and City of Bozeman Police Department

10    are liable principals for all the torts committed by their agents, who are acting under

11    color of the law.

12

### COUNT 4

13

### MONTANA STATE LAW CLAIM: NEGLIGENCE

14

15    37.     Plaintiff realleges the above paragraphs 1-36 as though fully set forth

16    herein.

17    38.     A special relationship giving rise to a special duty on the part of

18    Megargel and Ziegler arose given that the defendants undertook specific action to

19    allegedly protect Mr. Verdi.   In addition, a special duty arose on the part of the

20    defendants given that they had actual custody of Mr. Verdi. Megargel and Ziegler

21    breached the duty owed to Mr. Verdi.

22

23    39.     As a direct and proximate cause of the defendants' negligence, Mr.

24    Verdi suffered damages, including, but not limited to, compensatory damages,

25    economic damages, emotional distress, and pain and suffering.

1

## COUNT 5

2

### MONTANA STATE LAW CLAIM: NEGLIGENT HIRING AND TRAINING

3

    40.    Plaintiff realleges the above paragraphs 1-39 as though fully set forth

4

herein.

5

6

    41.    The City of Bozeman and the City of Bozeman Police Department

7

were negligent in the hiring and training of the defendant officers.

8

    42.    As a direct and proximate result of the City of Bozeman's and the City

9

of Bozeman Police Department's negligent hiring and training practices, Mr. Verdi

10

suffered damages, including, but not limited to compensatory damages, economic

11

damages, emotional distress, and pain and suffering.

12

## COUNT 6

13

14

### MONTANA STATE LAW CLAIM: RES IPSA LOQUITOR

15

    43.    Plaintiff realleges paragraphs 1-42 as though fully set forth herein.

16

    44.    The defendants were negligent in the tasing and care of Mr. Verdi on

17

August 12, 2008, and said negligence was the cause and proximate cause of Mr.

18

Verdi's crushed skull. The injuries suffered by Mr. Verdi were not the kind of injuries

19

that would ordinarily occur in the absence of negligence.

20

## COUNT 7

21

22

### MONTANA STATE LAW CLAIM: ASSAULT AND BATTERY AS AGAINST

23

### ALL DEFENDANTS

24

    45.    Plaintiff realleges the above paragraphs 1-44 as though fully set forth

25

herein.

46.     The officers acted intending to cause a harmful or offensive contact with Mr. Verdi, or an imminent apprehension of such a contact, and a harmful contact directly resulted.

47.     The officers' actions described above were within the scope of their employment.

48.     As a direct and proximate result of the defendants' harmful or offensive contact, Mr. Verdi suffered damages, including, but not limited to compensatory damages, economic damages, emotional distress and pain and suffering.

**COUNT 8**

**MONTANA STATE LAW CLAIM: FALSE IMPRISONMENT AS AGAINST ALL**

**DEFENDANTS**

49.     Plaintiff realleges the above paragraphs 1-48 as though fully set forth herein.

50.     The officers restrained Mr. Verdi against his will and the restraint was involuntary and unlawful.

51.     The officers' actions described above were within the scope of their employment.

52.     As a direct and proximate result of Mr. Verdi's false imprisonment by the defendants, Mr. Verdi suffered damages including, but not limited to, compensatory damages, economic damages, emotional distress, and pain and suffering.

## COUNT 9

## MONTANA STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST ALL DEFENDANTS

53.     Plaintiff realleges the above paragraphs 1-52 as though fully set forth herein.

54.     Defendants purposefully, knowingly, voluntarily, recklessly, and with malice engaged in outrageous conduct by tasing Mr. Verdi without any justification.

55.     Defendants' acts were intended to produce emotional distress and the defendants acted recklessly and in deliberate disregard of a high degree of probability that emotional distress would result to Mr. Verdi from defendants' actions.

56.     Defendants' extreme and outrageous conduct has proximately caused plaintiff to suffer severe emotional distress and severe emotional damages.

57.     Plaintiff has sustained and will continue to sustain damages as a result of defendants' extreme and outrageous conduct.

58.     As a direct and proximate result of the defendants' intentional infliction of emotional distress, Mr. Verdi suffered damages including, but not limited to, compensatory damages, economic damages, emotional distress, and pain and suffering.

## COUNT 10

**MONTANA STATE LAW CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL**

**DISTRESS AS AGAINST ALL DEFENDANTS**

59.    Plaintiff realleges the above paragraphs 1-58 as though fully set forth herein.

60.    Serious or severe emotional distress to Mr. Verdi was the reasonably foreseeable consequence of the defendants' negligent acts or omissions.

61.    As a direct and proximate result of the defendants' negligent and/or intentional acts or omissions, Mr. Verdi suffered damages, including, but not limited to, severe emotional distress, compensatory damages, economic damages, emotional distress, and pain and suffering.

## COUNT 11

**MONTANA STATE LAW CLAIM: PUNITIVE DAMAGES - §§27-1-220, 221,**

**M.C.A.**

62.    Plaintiff realleges paragraphs 1- 61 as though fully set forth herein.

63.    Megargel and Ziegler acted with actual malice as they deliberately acted in a conscious manner with intentional disregard to the high probability of injury to Mr. Verdi, or deliberately acted with indifference to the high probability of injury to Mr. Verdi.

64.    As a result of Megargel's and Ziegler's actions, Mr. Verdi was in fact injured, and upon any award of reasonable compensatory damages, the jury, in its discretion, should consider an award of reasonable punitive damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    Find that the defendants, and all of them, violated Plaintiff's civil rights under 42 U.S.C.A. §1983 by use of excessive force, and the violation of the Plaintiff's Due Process rights, which caused Plaintiff injury and award Plaintiff for compensatory damages, economic damages, punitive damages, emotional distress, pain and suffering, and attorneys' fees and costs in an amount to be proven at trial;

2.    For all state law claims, order defendants to pay compensatory damages, economic damages, emotional distress, punitive damages where applicable, and pain and suffering sustained by Plaintiff in an amount to be proven at trial;

3.    Award Plaintiff such other and further relief as this Court may deem just and proper;

DATED this 11th day of August, 2009.

Ryan K. Jackson
Attorney for Plaintiff

Thomas D. Shea, Jr.
Attorney for Plaintiff

Soheil Verdi v. City of Bozeman, et al.
Complaint
Page 13 of 14

1

## DEMAND FOR JURY TRIAL

2

3    Plaintiff Soheil "Jesse" Verdi hereby demands a trial by jury as to all issues so

4    triable.

5    DATED this 11th day of August 2009.

6

7

8    _____
     Ryan K. Jackson
9    Attorney for Plaintiff

10

11   _____
     Thomas D. Shea, Jr.
     Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Soheil Verdi v. City of Bozeman, et al.*
Complaint
Page 14 of 14