IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SOHEIL JESSE VERDI and ROGER G. SEGAL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOZEMAN, CITY OF BOZEMAN POLICE DEPARTMENT SERGEANT GREG MEGARGEL, in his individual and official capacity, CITY OF BOZEMAN POLICE DEPARTMENT OFFICER MAREK ZIEGLER, in his individual and official capacity, FORMER CITY OF BOZEMAN POLICE DEPARTMENT CHIEF, MARK TYMRAK, in his individual and official capacity, CITY OF BOZEMAN POLICE DEPARTMENT INTERIM CHIEF, MARTIN KENT and JOHN DOES 1-10,<br><br>Defendants. | Cause No. CV 09-76-RFC-RWA<br><br>FINDINGS and RECOMMENDATIONS of the MAGISTRATE JUDGE |

Pending in this case is Defendants' Motion to Drop Party, wherein the Defendants request that the Court drop Plaintiff Soheil Jesse Verdi from this case. Defendants represent in the aforementioned Motion that their pending motion for summary judgment will be moot if the Court grants Defendants' Motion to Drop Party. Plaintiffs oppose Defendants' Motion

1

arguing Soheil Jesse Verdi continues to sustain post bankruptcy damages which are not part of Soheil Jesse Verdi's bankruptcy estate. Relying on *In re Brown*, 363 B.R. 591 (Bankr. D.Mont. 2007), Defendants counter that all damages caused by a defendant's conduct, whether pre- or post-petition, belong to the bankruptcy estate if the cause of action accrued prior to the bankruptcy petition date. The Defendants also argue that Verdi's deliberate omission of this lawsuit in his bankruptcy schedules precludes Verdi from recovering any damages for his claims against Defendants, pre- or post-petition.

As noted in a prior Order, Verdi filed a voluntary chapter 7 bankruptcy case in Utah on May 28, 2010 (Bankruptcy Case No. 10-27281 JTM), but failed to list this lawsuit as an asset in his bankruptcy schedules. Verdi received a discharge of his debts on September 8, 2010, and his chapter 7 bankruptcy case was closed that same date. On January 3, 2011, Verdi filed a motion to reopen his bankruptcy proceeding to amend his schedules to list the claims asserted herein and to claim an exemption in this lawsuit under Utah law. Verdi's bankruptcy case was reopened on February 2, 2011, and Roger Segal was reappointed as trustee. Segal filed an objection to Verdi's claim of exemption in any award resulting from this lawsuit. In response, Verdi eventually withdrew his claim of exemption.

Under MONT. CODE ANN. ("MCA") § 27-2-102(1)(a)[1], Verdi's claim against the Defendants, like the claims in *In re Brown*, accrued prior to his bankruptcy petition date. Following the well-reasoned decision in *Brown* and given Verdi's withdrawal of his claimed exemption in the lawsuit, the Court agrees with Defendants that this lawsuit is an asset of

---

[1] MCA § 27-2-102(1)(a) provides, "a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action ... ."

2

Verdi's chapter 7 bankruptcy estate subject to Segal's sole direction and control. As stated by another court,

> [A]ny unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition) become part of the bankruptcy estate subject to the sole direction and control of the trustee, unless exempted or abandoned or otherwise revested in the debtor. The debtor lacks standing in a chapter 7 case to prosecute claims that are property of the estate.

*In re Bailey*, 306 B.R. 391, 392–93 (Bankr. D.D.C.2004) (citations omitted).

Segal, as the chapter 7 trustee in Verdi's bankruptcy case, has standing to prosecute the pending action. The Court, therefore, should grant Defendants' request to drop Verdi as a Plaintiff. Such ruling, according to the Defendants, renders their pending motion for summary judgment moot.

The Court finds Defendants' contention that Verdi is precluded from recovering any damages for his claims against Defendants, pre- or post-petition overly broad and a misstatement of the law. As explained in *Brown*:

> In *In re Ballard*, 238 B.R. 610, 619-620, 622 (Bankr. M.D.La. 1999), the bankruptcy court for the middle district of Louisiana held that settlement funds for future medical expenses and for lost future earnings, derived from a cause of action that accrued pre-petition, were property of the estate:
>
>> It is clear that the debtor here, prebankruptcy, had a legal entitlement to make a claim for all damages, including future medical expenses that were or would be related to (caused by) the accident. Because of this state law legal and/or equitable interest, the property interest became property of the bankruptcy estate.

This Court agrees with the foregoing that Verdi's legal entitlement to make a claim for all damages, including future medical expenses that were caused by the events alleged in the complaint, became property of the bankruptcy estate and Segal may properly prosecute all

3

claims, including those for Verdi's future damages. *Brown* does not suggest that a claim of damages must be reduced or limited simply because a lawsuit is not listed in a debtor's bankruptcy schedules. *Brown* similarly does not preclude a chapter 7 trustee from turning over excess funds to a debtor once his or her creditors have been paid in full.[2]

## RECOMMENDATION

That Defendants' Motion to Drop Party filed April 18, 2012, be granted; and that Soheil Jesse Verdi is removed as a plaintiff from this case. That Defendants' Joint Motion for Summary Judgment filed March 4, 2011, be denied as moot.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Defendant may serve and file written objections to this Findings and Recommendation within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of

---

[2] Whether Verdi would be precluded from receiving any excess funds after payment of all his creditors by reason of Defendants' estoppel contentions is an academic exercise that need not be undertaken at this time.

Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

Done and dated this 18th day of June, 2011.

/s/ Richard W. Anderson
RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE