IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
JUL 24 2012
PATRICK E. DUFFY  CLERK
BY_____ Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

| | |
|---|---|
| SOHEIL JESSE VERDI and ROGER G. SEGAL, <br><br>Plaintiff, <br><br>vs. <br><br>CITY OF BOZEMAN, BOZEMAN CITY POLICE DEPARTMENT, SERGEANT GREG MEGARGEL, in his individual and official capacity, CITY OF BOZEMAN POLICE DEPARTMENT OFFICER MARK ZIEGLER in his individual and official capacity, FORMER CITY OF BOZEMAN POLICE CHIEF, MARK TYMRAK, in his individual and police capacity, CITY OF BOZEMAN POLICE DEPARTMENT INTERIM CHIEF, MARTIN KENT, and JOHN DOES 1-10, <br><br>Defendants. | CV 09-76-BU-RFC <br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

On June 18, 2012, United States Magistrate Judge Richard Anderson entered Findings and Recommendation. Magistrate Judge Anderson recommends Defendants' Motion to Drop Party be granted and Defendants' Joint Motion for Summary Judgment be denied as moot.

1

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the June 18, 2012 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Verdi filed a voluntary chapter 7 bankruptcy case in Utah on May 28, 2010 (Bankruptcy Case No. 10-27281 JTM), but failed to list this lawsuit as an asset in his bankruptcy schedules. Verdi received a discharge of his debts on September 8, 2010, and his chapter 7 bankruptcy case was closed that same date. On January 3, 2011, Verdi filed a motion to reopen his bankruptcy proceeding to amend his schedules to list the claims asserted herein and to claim an exemption in this lawsuit under Utah law. Verdi's bankruptcy case was reopened on February 2, 2011, and Roger Segal was reappointed as trustee. Segal filed an objection to Verdi's claim of exemption in any award resulting from this lawsuit. In response, Verdi eventually withdrew his claim of exemption.

Pursuant to Mont. Code Ann. § 27-2-102(1)(a), Verdi's claim against the Defendants, like the claims *In re Brown*, 363 B.R. 591 (Bankr.D.Mont. 2007), accrued prior to his bankruptcy petition date. Following the decision in *Brown* and given Verdi's withdrawal of his claimed exemption in the lawsuit, the Court agrees with Defendants that this lawsuit is an asset of Verdi's chapter 7 bankruptcy estate subject to Segal's sole direction and control and Segal has standing to prosecute the pending action.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Anderson's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Drop Party filed April 18, 2012, is **GRANTED**; and Soheil Jesse Verdi is removed as a plaintiff from this case. Defendants' Joint Motion for Summary Judgment filed March 4, 2011, is **DENIED AS MOOT**.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 24th day of July, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE