IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROGER G. SEGAL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF BOZEMAN, CITY OF BOZEMAN POLICE DEPARTMENT SERGEANT GREG MEGARGEL, in his individual and official capacity, CITY OF BOZEMAN POLICE DEPARTMENT OFFICER MAREK ZIEGLER, in his individual and official capacity, FORMER CITY OF BOZEMAN POLICE DEPARTMENT CHIEF, MARK TYMRAK, in his individual and official capacity, CITY OF BOZEMAN POLICE DEPARTMENT INTERIM CHIEF, MARTIN KENT and JOHN DOES 1-10,<br><br>　　　　　Defendants. | Cause No. CV **09-76-BU-RFC-RWA** |

**O R D E R**

Plaintiff filed his Second Amended Complaint pursuant to 42 U.S.C. § 1983, seeking monetary damages as well as equitable relief.  He asserts causes of action for violations of the Fourth Amendment and Fourteenth Amendment to the United States Constitution, violations of Montana State Law, and spoliation of evidence.  Plaintiff's Complaint further seeks (1) a declaration that the Defendants violated the express

1

provisions of their policy and procedure manual, and (2) prospective injunctive relief requiring that the Defendants must conduct investigations in the future anytime they are provided notice of a potential claim.

Plaintiff subsequently filed on February 11, 2013, a "Motion for Declaratory Judgment and Injunctive Relief Based on the Defendants' Failure to Investigate Plaintiff's Complaint and Policy of Not Investigating Complaints." Defendants oppose the motion. Plaintiff in reality is seeking summary judgment on the Declaratory Judgment count in his Complaint in that he maintains that no dispute of fact exists and that he is entitled to judgment as a matter of law. Thus, Plaintiff's Motion for Declaratory Judgment and Injunction will be treated as a motion for summary judgment which seeks the Court's pretrial dispositive ruling on two claims in his Complaint, namely, declaratory and injunctive relief. Plaintiff's motion, which is clearly a motion for summary judgment, although not styled as such, must comply with LR 56.1, which states that a "party filing a motion for summary judgment must also file a Statement of Undisputed Facts." The statement of undisputed facts must, under LR 56.1(a):

(1)   set forth in serial form each fact on which the party relies to support the motion;

(2)   cite a specific pleading, deposition, answer to interrogatory, admission or affidavit before the Court to support each fact; and

(3)   be filed separately from the motion and brief.

Plaintiff's motion fails to meet any of the above three requirements. The Rule

2

requires strict compliance with its terms, and Plaintiff's failure to comply subjects his motion to summary denial. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Declaratory Judgment and Injunctive Relief Based on the Defendants' Failure to Investigate Plaintiff's Complaint and Policy of Not Investigating Complaints filed February 11, 2013, is DENIED.

Done and dated in Butte this 13th day of May, 2013.

    /s/ Richard W. Anderson
RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE